UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANISSHA W.,[1]

Plaintiff,

Case # 23-cv-6019-FPG

v.

DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

On June 30, 2020, Plaintiff Anissha W. applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 10. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Lucian A. Vecchio on February 23, 2022. *Id.* On March 8, 2022, the ALJ issued an unfavorable decision. *Id.* at 7. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. *Id.* at 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

Plaintiff and the Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 11. For the reasons set forth below, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the decision of the ALJ is AFFIRMED.

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

[3] The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

When reviewing a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 23, 2019, the alleged onset date. Tr. 12. At step two, the ALJ found that Plaintiff had the following severe impairments: neck disorder, back disorder; left arm and hands disorder; hypertension; headaches; balance disorder; and depression. *Id.* at 13. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. *Id.* at 13-14. The ALJ then determined that Plaintiff maintained the RFC to perform sedentary work with additional limitations. *Id.* at 14. Specifically:

> [She could] perform only low stress work; with no tasks that require a specific production rate. Could sit or stand at will 90 percent of the workday. Would only less than occasionally stoop, crouch or twist; or rotate her head. Would do no climbing of ladders, scaffolds or stairs; no walking on uneven surfaces; no operating of motor vehicles; or be exposed to unprotected heights or heavy machinery. Would only less than occasionally reach over head with her right (dominant) arm. Would frequently but not constantly handle and finger bilaterally. Could be off-task 15 percent; and could [be] absent on average more than one day per month, but less than [] two days per month.

*Id.*

At step four, the ALJ concluded that Plaintiff could not perform her past relevant work. Tr. 20. At step five, the ALJ, relying on vocational expert testimony, concluded that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including information clerk, customer complaint clerk, and telephone solicitor. *Id.* at 21. Accordingly, the ALJ concluded that Plaintiff was not disabled. *Id.*

## II. Analysis

Plaintiff argues that remand is required because the ALJ developed (i) the mental RFC based on his lay interpretation of the evidence and (ii) a "highly specific" RFC without any explanation or support in the record. *See* ECF No. 8-1 at 1, 13, 16. As explained below, neither argument warrants remand.

### A. Residual Functional Capacity

A person's RFC is "the most [she] can do despite [her] limitations." 20 C.F.R. § 404.1520(a)(1). "An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (summary order) (citing 20 C.F.R. § 404.1527(d)(2)). In making an RFC finding, the ALJ is tasked with "weigh[ing] all of the evidence available" to make a finding "that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). In doing so, the ALJ considers "all of the relevant medical and other evidence," including the claimant's "descriptions and observations of [her] limitations that result from [her] symptoms." 20 C.F.R. § 404.1545(a)(3). The ALJ's "RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Medical opinion evidence is not required to support a particular limitation when "the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity."

*Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 110 (2d Cir. 2020) (summary order) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order)).

**B. The Mental Portion of the RFC**

The Court begins with Plaintiff's challenge to the mental portion of the RFC. Plaintiff argues that the ALJ "inappropriately relied on his own lay interpretation of the evidence to formulate the mental RFC." ECF No. 8-1 at 13. As explained below, the ALJ's decision to give Plaintiff the benefit of the doubt and assess additional limitations despite the lack of support for such limitations in the medical evidence of record is not an error requiring remand.

The ALJ's RFC limited Plaintiff to "low stress work with no tasks that require a specific production rate." Tr. 14. In assessing this limitation, the ALJ noted that he was "giving [her] the benefit of the doubt for anxiety and depression." *Id.* at 19, 53. Although there are references to Plaintiff's diagnoses of anxiety and depression throughout the record, *see e.g.*, *id.* at 651, 931, 976 (medical records indicating diagnoses of anxiety and depression), 1158 (progress note indicating "frustrated" mood), there is no evidence, and Plaintiff does not assert, that she ever received treatment for either anxiety or depression during the relevant period. By contrast, Plaintiff's medical records indicate that she frequently denied anxiety, depression, and other psychiatric symptoms. *See e.g.*, *id.* at 425 (progress note dated December 6, 2019), 918 (note dated September 2, 2020), 1123 (note dated January 22, 2021). Moreover, on her function report, Plaintiff indicated that she can, for example, pay bills and handle a savings account, that she does not need to be reminded to go places, and does not have any problems getting along with family, friends, neighbors, or others. *Id.* at 278-79. While she indicated that her conditions affected many physical abilities, she did not indicate that they affected her ability to complete tasks, concentrate,

understand, follow instructions, or get along with others. *Id.* at 280. She did, however, indicate that she "shut[s] down" when stressed. *Id.* at 281.

Given the lack of evidence in the record supporting more restrictive limitations, Plaintiff essentially argues that the ALJ erred in giving her the benefit of the doubt with respect to her anxiety and depression. As the ALJ noted, the restriction to low-stress work with no tasks that require a specific production rate, is related to these diagnoses. Tr. 19, 53. It also appears to account for Plaintiff's reported difficulty handling stress. *See id.* at 281. It was within the ALJ's discretion to assess such a limitation to account for her anxiety and depression, even though no medical source opined that Plaintiff required such limitations. *See Deborah Elaine L. v. Comm'r of Soc. Sec.*, No. 20-CV-6607, 2022 WL 2662974, at *4 (W.D.N.Y. July 11, 2022). The ALJ did not, therefore, commit reversible error by giving Plaintiff the benefit of the doubt by including this additional limitation in the RFC, even in the absence of a medical opinion identifying such a requirement. *See Jillian R. v. Comm'r of Soc. Sec.*, No. 20-CV-1735, 2022 WL 13697992, at *9 (W.D.N.Y. Oct. 21, 2022) (concluding that ALJ reasonably gave Plaintiff benefit of the doubt by limiting her to work with only occasional interaction with coworkers and supervisors and no interaction with the public despite lack of medical opinion regarding her social interaction limitations).

Further, Plaintiff has failed to show how this limitation harmed her. "Even though [these limitations were] not based on a medical opinion, [they were] favorable to Plaintiff." *Jillian R.*, 2022 WL 13697992, at *9. Although Plaintiff asserts that the ALJ "crafted the mental RFC out of whole cloth," ECF No. 8-1 at 16, she has not shown that she required a more restrictive limitation, as was her burden. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order) (rejecting argument that ALJ arbitrarily substituted his own judgment for competent medical

opinion where plaintiff had duty to prove more restrictive RFC). As the evidence discussed above demonstrates, the ALJ reasonably determined that Plaintiff could perform low-stress work with no tasks that required a specific production rate. *See Jillian R.*, 2022 WL 13697992, at *9. Plaintiff's argument that the ALJ impermissibly relied on his lay opinion in assessing this limitation simply because it was not reflected in a medical opinion is therefore meritless. *See id.*; *see also Cook*, 818 F. App'x at 110.

**C. The ALJ's Specific RFC Findings**

Plaintiff also asserts that remand is warranted because the ALJ failed to explain how he arrived at the "highly-specific" limitations contained in the RFC. ECF No. 8-1 at 16. As explained below, the Court disagrees.

"Specific RFC assessments, like percentage of time off-task, must be based on evidence in the record, not on an 'ALJ's own surmise.'" *Wouters v. Comm'r of Soc. Sec.*, No. 19-CV-610, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020) (quoting *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order)). Accordingly, in *Cosnyka v. Colvin*, the Second Circuit concluded that the ALJ erred in determining that the plaintiff would be off-task "approximately 10% of the workday, . . . define[d] as 6 minutes out of each hour." 576 F. App'x 43, 45-46 (2d Cir. 2014) (summary order). However, as the Second Circuit reiterated in *Johnson v. Colvin*, the error in *Cosnyka* was not that the ALJ assigned a particular percentage range, but instead that there was no support for the ALJ's determination that the 10% off-task limitation translated to six minutes out of every hour rather than some other amount of time that equaled 10% of the workday. *See* 669 F. App'x 44, 47 (2d Cir. 2016) (summary order). And, although there must be evidentiary support for the ALJ's specific limitations, that support need not be in the form of a medical opinion. *See Cook*, 818 F. App'x at 109 (medical opinion providing specific restrictions reflected in the

RFC is not required if the record contains sufficient evidence from which an ALJ can assess the RFC).

Remand is not warranted here for two reasons. First, the ALJ properly relied on the findings of the state agency consultants and either incorporated the limitations they identified into the RFC or included more restrictive limitations into his RFC finding. *Compare e.g.*, Tr. 14 (ALJ's RFC limiting plaintiff to less than occasional stooping, crouching or twisting), *with id.* at 92, 108 (state agency consultant limiting Plaintiff to occasional stooping and crouching). The ALJ's decision to assess more restrictive limitations than the state agency consultants does not warrant remand. *See Baker v. Berryhill*, No. 15-CV-943, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018) ("[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record."). To the extent that the ALJ's RFC reflects limitations identified by the state agency consultants, substantial evidence supports the ALJ's findings. *See* Tr. 14, 93, 109 (no exposure to unprotected heights or machinery); *Karen F. v. Comm'r of Soc. Sec.*, No. 22-CV-250, 2023 WL 3191611, at *6 (W.D.N.Y. May 2, 2023) ("It is well-settled that the opinions of stage agency medical consultants may serve as substantial evidence supporting an RFC.").

Second, with respect to the limitations in which the ALJ identified specific percentages—off-task time and sitting or standing at will—it appears that in both cases the ALJ properly gave Plaintiff the benefit of the doubt in incorporating these limitations into the RFC. With respect to off-task time, it appears that, as with the mental limitations discussed above, the ALJ gave Plaintiff the benefit of the doubt with respect to her conditions and assessed "a more generous limitation of [15%] off-task time." *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020). With respect to the requirement that Plaintiff be permitted to alternate between sitting or standing

at will, the ALJ appears to have credited Plaintiff's testimony that, for example, when she washes dishes she alternates between standing and sitting on a stool, even though there was no medical opinion identifying such a requirement. *See* Tr. 45; *see also Hamilton v. Comm'r of Soc. Sec.*, No. 19-CV-770, 2020 WL 5544557, at *6 (W.D.N.Y. Sept. 16, 2020) ("[The plaintiff] essentially argues that the ALJ was wrong to accept portions of her testimony regarding her limitations, which were not covered in a medical source opinion."). That "does not constitute reversible error." *Id.*; *see also Baker*, 2018 WL 1173782, at *4. Furthermore, Plaintiff has not shown that she required either more than a 15% off-task limitation or the ability to alternate between sitting and standing for more than 90% of the workday, as was her burden. *See Holli M. v. Comm'r of Soc. Sec.*, No. 20-CV-1525, 2022 WL 826981, at *11 (W.D.N.Y. Mar. 18, 2022) (citing *Smith*, 740 F. App'x at 726). Plaintiff has therefore failed to demonstrate that the ALJ's RFC findings, highly specific or not, warrant remand.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 11, is GRANTED, and the decision of the Commissioner is AFFIRMED. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 11, 2024
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York